**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STATE OF FLORIDA,**

    **Plaintiff,**

**v.**                                                                      Case No.  8:13-cv-653-T-30TBM

**PIERO A. BUGONI,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Notice of Removal (Dkt. 1) and Defendant's Emergency Motion for Miscellaneous Relief (Dkt. 3) .  The Court, having reviewed the notice of removal, emergency motion, and being otherwise advised in the premises, concludes the Court lacks jurisdiction and the case should be remanded to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Bugoni fails to attach the Information charging him, so the Court relies upon Bugoni's allegations in his Notice of Removal for the facts.  Based on the statement, "[b]y the state criminal prosecution in controversy, Defendant is denied the Full Faith and Credit of the Public Acts of the states of Washington and Colorado which have chosen to legalize Cannibis," the Court surmises that Defendant Piero A. Bugoni seeks to remove to this Court a criminal prosecution pending against him in a Hillsborough County court for marijuana possession.  The Notice of Removal consists primarily of Bugoni's legal arguments for why the State of Florida is violating his constitutional rights.  A few examples are:  "Defendant

claims among other grounds a substantive due process challenge;" "Defendant contends that as a result of all these grounds that Cannabis possessors and users are a class that is ultimately subject to invidious discrimination and that the state action ultimately is such invidious discrimination, from which Defendant is protected, by § 1443;" "The Florida Comprehensive Drug Abuse Prevention and Control Act is unconstitutional toward Cannabis;" and "New Legislation in Washington State, and Colorado have made Cannabis Legal, and as such Defendant is is [sic] guaranteed the Full Faith and Credit of those public acts."  Bugoni believes his constitutional challenge to state law based on substantive due process makes "this case 'ripe,' if not rotten, for removal to this Court."

Bugoni asserts that jurisdiction is proper pursuant to 28 U.S.C. § 1441 *et seq.* Because this is a removal of a state criminal prosecution, the Court assumes Bugoni intends to invoke this Court's removal jurisdiction under 28 U.S.C. § 1443(1).

The State of Florida has not yet responded to Bugoni's removal, but this Court has the obligation to examine the removal *sua sponte* to determine if the removal was proper.  If a defendant removes a criminal prosecution from a state court, "[t]he United States district court in which such notice is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §1455(b)(4). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."  28 U.S.C. § 1455(b).

Under 28 U.S.C. § 1443, criminal defendants are entitled to remove their state prosecutions to federal court in extremely limited circumstances. Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In *Georgia v. Rachel*, 384 U.S. 780 (1966), the Supreme Court articulated the two-prong test a party must satisfy in order to properly remove a case to federal court under § 1443. *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* (quoting *Rachel*, 384 U.S. at 792). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.*

Under the first prong, "the phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Id.* (quoting *Rachel*, 384 U.S. at 792). The right to a fair trial and equal protection and rights arising under § 1983 do not derive from legislation intended to protect civil rights of racial equality. *Id.*

Bugoni alleges in his notice of removal that the State of Florida is violating his substantive due process rights and that he is entitled to equal protection of law as a cannabis

possessor. Because these are rights of general application, they are insufficient to support a valid claim for removal under § 1443(1). *Id.* at 1295-96. Bugoni does not point to any federal statute that qualifies under § 1443(1) as a law providing specific civil rights stated in terms of racial equality. *Id.* at 1296 (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)).

Accordingly, the Court lacks jurisdiction over this case, and Bugoni's case is remanded to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

2. Plaintiff's Emergency Motion for Miscellaneous Relief (Dkt. 3) is DENIED as moot.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 16, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-653.remand.frm