**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STATE OF FLORIDA,**

          **Plaintiff,**

**v.**                                    **Case No. 8:13-cv-653-T-30TBM**

**PIERO A. BUGONI,**

          **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Notice of Appeal and Motion to Proceed Without Paying Fee (sic) (Doc. 9). Therein, Defendant states that (1) the denial of his Motion for Reconsideration operates as a Notice of Appeal, (2) he intends to appeal "this matter" to the Eleventh Circuit Court of Appeals, (3) he is entitled to appeal as a matter of right because he is a defendant and the plaintiff is a state, and (4) he is entitled to appeal without prepayment of fees because this is a removal action filed by a defendant. Defendant does not identify the Order from which he is appealing or the issues he intends to present on appeal.[1] For the reasons that follow, it is recommended that Defendant's Motion (Doc. 9) be denied.

A.

In brief summary, Defendant initiated this action on March 12, 2013, by filing a Notice of Removal, pursuant to 28 U.S.C. § 1443, of his pending state court criminal

_____

[1]Only two Orders were entered in this case.

prosecution for possession of cannabis.[2]  (Doc. 1).  Thereafter, in accordance with 28 U.S.C.

§ 1455(4), the Court examined the Notice of Removal to address whether or not removal was

permitted.  Upon review, the Court concluded that Defendant failed to satisfy the

requirements for removal under 28 U.S.C. § 1443(1) and thus remand was required because it

was without jurisdiction to proceed.  (Doc. 4).  That Order prompted Defendant to file an

Emergency Motion for Reconsideration and Notice of Appeal and a supplement thereto.

(Docs. 5, 6).  By Order dated May 7, 2013, the Court denied Defendant's Emergency Motion

for Reconsideration, finding that Defendant failed to demonstrate an intervening change in

controlling law, the availability of new evidence, or the need to correct clear error or prevent

manifests injustice.  (Doc. 7).  Defendant responded by filing his Notice of Appeal (Doc. 8)

and Motion to Proceed Without Paying Fee (sic) (Doc. 9).[3]

 Because Defendant's appeal of the Order remanding the case to state court is not

brought in good faith, the Motion to Proceed Without Paying Fee (sic) (Doc. 9) should be

denied.

----

[2]Section 1443 states, in pertinent part, that removal is allowed for a criminal
prosecution commenced in State court "[a]gainst any person who is denied or cannot enforce
in the courts of such State a right under any law providing for the equal civil rights of citizens
of the United States, or all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).

[3]While an order remanding a case to the state court from which it was removed is not
reviewable on appeal, one exception is that appeals are authorized when an order of remand is
entered in an action that has been removed from state court pursuant to 28 U.S.C. § 1443.  28
U.S.C. § 1447(d).

B.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern

the determination of applications to proceed *in forma pauperis* on appeal.  *See Ex parte*

*Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088 (M.D. Fla. Apr. 10, 2007).  Rule

24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**.  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
> **(A)**      shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)**      claims an entitlement to redress; and
>
> **(C)**      states the issues that the party intends to present on appeal.
>
> **(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.
>
> **(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> **(A)**      the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or
>
> **(B)**      a statute provides otherwise.

3

Fed. R. App. P. 24(a).[4]  Similarly, § 1915 provides, in pertinent part:

> [A]ny court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or
> proceeding, civil or criminal, or appeal therein, without
> prepayment of fees or security therefor, by a person who
> submits an affidavit that includes a statement of all assets
> such [person] possesses that the person is unable to pay such
> fees or give security therefor.  Such affidavit shall state the
> nature of the action, defense or appeal and affiant's belief
> that the person is entitled to redress.
>                              ***
> An appeal may not be taken in forma pauperis if the trial
> court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).  The statute provides further that the court must dismiss a case at

any time if it determines that the allegation of poverty is untrue or the action or appeal is

frivolous or malicious.  *Id.* at (e)(2)(A), (B).  Thus, two requirements must be satisfied for a

party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or

that the party previously was permitted to proceed *in forma pauperis*), and (2) the appeal must

be brought in good faith.

Regarding the first requirement, I note that Defendant does not submit an affidavit of

indigency.  Rather, he makes a blanket assertion that he may proceed on appeal without the

prepayment of fees because he is a defendant in a removal action.[5]  While I have found no

---

[4]There are proposed amendments to Rule 24, which, absent contrary congressional action, become effective on December 1, 2013.  *See* 2013 U.S. Order 0023 (C.O. 0023). While not yet effective, the amendments would not change the Court's consideration in this case.

[5]Defendant was not required to (nor did he) seek *in forma pauperis* status before this Court prior to proceeding without prepayment of fees or costs.  "Filing fees are not required for removal of a criminal action under § 1443."  *Georgia v. Castaneira*, No. 1:11-CV-3054-TWT-JFK, 2011 WL 5514000 (N.D. Ga. Oct. 11, 2011) (citing *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964)); *De Jesus v. Georgia*, No. 3:10-CV-53 (CAR), 2010

4

authority supporting that particular assertion, even assuming Defendant is correct, denial of the Motion is warranted on substantive grounds.

As an initial matter, Defendant nowhere identifies the issues he seeks to assert on appeal. Construed liberally, however, any basis for appeal which Defendant could assert, i.e., an appeal of the Court's Order remanding his case or an appeal of the Court's Order denying his motion for reconsideration, appears frivolous and thus the appeal is not brought in good faith. Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless."[6] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Here, Defendant asserts no basis to appeal the Court's Order denying his motion for reconsideration and alleges no grounds which would support the same. As for the rulings with respect to removal and remand set for in the Court's Order of April 16, 2013, on the facts presented there simply is no support for removal under § 1443(1). A removal petition filed pursuant to 28 U.S.C. § 1443(1) must satisfy a two-prong test. *See Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). That is, removal is appropriate under § 1443(1) where the

---

WL 3420828 (M.D. Ga. Aug. 26, 2010); *Gober v. Georgia*, No. Civ.A.1:06CV0728-TWT, 2006 WL 1042546 (N.D. GA. Apr. 17, 2006).

[6]On the other hand, where an issue or claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. *See Cofield v. Ala. Pub. Serv. Comm'n.*, 936 F.2d 512, 515 (11th Cir. 1991). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991).

petitioner demonstrates that: (1) the right on which he relies arises under a federal law providing for specific civil rights stated in terms of racial equality; and (2) he has been denied or cannot enforce that right in the state court.  *Id.*  In this case, Defendant fails to allege a violation of a specific civil right stated in terms of racial equality.  Although he alleges purported violations of full faith and credit, substantive due process, and equal protection, alleged violations of rights of general application are insufficient to support removal under § 1443(1).  *Id.* at 1295-96.  Nor does he show he has been denied or cannot enforce his rights in the state court.  Absent such showing of support for removal under § 1443, there exists no arguable basis to support an appeal.

In conclusion, I find that Defendant is unable to demonstrate a nonfrivolous issue for appeal with respect to either the Order remanding his case to state court or the Order denying his motion for reconsideration.

C.

For the reasons stated above, it is RECOMMENDED that the Court DENY Defendant's Motion (Doc. 9) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith.  It is RECOMMENDED further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24.  *See* Fed. R. App. P. 24(a)(4).

Respectfully submitted this
12th day of June 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
The Honorable James S. Moody, United States District Judge
Counsel of Record
Pro se Plaintiff